

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 8, 2019

**BY EMAIL AND CM/ECF**

The Honorable Laura Swain
United States District Judge
Southern District of New York
Daniel Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    United States v. Quincy Hines
              15 Cr. 098 (LTS)

Dear Judge Swain:

    The Government respectfully submits this letter in response to defendant Quincy Hines' *pro se* motion for early termination of his supervised release. (*See* Dkt. No. 13.) Because Mr. Hines does not appear to have a legitimate basis for early termination, the Government opposes the request.

    By way of background, Mr. Hines was charged with various narcotics offenses in *United States v. Quincy Hines et al.*, Case No. 05 Cr. 054 (JBA) (D. Conn.) and ultimately pleaded guilty to conspiring to distribute and possessing with intent to distribute 50 grams or more of crack cocaine and 100 grams or more of phencyclidine, in violation of 21 U.S.C. § 846. On July 24, 2006, he was sentenced to, *inter alia*, 144 months' incarceration and 120 months of supervised release. Mr. Hines was released from custody on October 23, 2014, and began serving his supervised release term.[1]

    The Government respectfully disagrees with Mr. Hines' interpretation of the law, including the notion that the so-called "exceptional circumstances" standard set out in *Lussier* has been negated in any fashion by the Sentencing Guidelines. *See, e.g.*, *Whittingham v. United States*, 2017 WL 2257347 at *6 (S.D.N.Y. May 22, 2017) (Sullivan, R) ("[T]he law is clear that only 'exceptional cases' involving 'special, extraordinary, or unforeseen circumstance[s]' warrant early termination. It is clear that a defendant's full compliance with the terms and conditions of supervised release, standing alone, is insufficient.") (citations omitted and alteration in original). Indeed, courts in this Circuit routinely have held that a defendant's faithful

---

[1] Mr. Hines also filed the *pro se* motion in his case in the District of Connecticut. The U.S. Attorney's Office there filed an opposition to the termination of Mr. Hines' supervised release, but in reviewing the substance of the response filed, the U.S. Attorney's Office states only that Mr. Hines' supervision has already been transferred to the Southern District of New York, and thus that it is this Court before whom Mr. Hines' motion is appropriately brought. The Government in that case therefore has requested that Mr. Hines' motion be denied, so that it may be resolved before Your Honor. *See United States v. Quincy Hines*, Dkt. No. 845, Case No. 05 Cr. 054 (D. Conn. June 14, 2009).

August 8, 2019
Page 2

compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release, and that exceptional circumstances are required. *See, e.g.*, *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."); *United States v. Liriano*, No. 91 Cr. 908 (JFK), 2010 WL 532517, at *1 (S.D.N.Y. Feb. 11, 2010) (securing employment and compliance with terms of supervised release not "exceptional" to justify early termination of supervised release); *United States v. Maguire*, No. 04 CR. 269 (VM), 2008 WL 5429838, at *1 (S.D.N.Y. Dec. 22, 2008) ("General compliance with the original terms and conditions of supervised release does not suffice to justify early termination.").

Under the governing standard, the Government does not believe that Mr. Hines' case is one in which early termination would be appropriate. To be clear, there is no question that Mr. Hines appears to be compliant with the terms of his supervised release, and it is, of course, admirable that Mr. Hines has dedicated time post-release to helping others who face poverty, homelessness, and addiction. However, on August 5, 2019 the Probation Office advised the Government that Mr. Hines had completed just 28 hours of volunteer work. While the Probation Office has not reported any violations or other issues with Mr. Hines, on this record, the Government does not believe that Mr. Hines has undertaken the kind of "exceptional" changes in behavior that warrant early termination. Accordingly, the Government respectfully submits that the request for early termination be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____
Jessica K. Fender
Assistant United States Attorney
(212) 637-2276

cc:   Quincy Hines, petitioner
      Marcela Bravo, U.S.P.O.