UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

   -v-                                                                           No.  15-CR-0098-LTS

QUINCY HINES,

        Defendant.

-------------------------------------------------------x

## ORDER

Defendant Quincy Hines has moved, pro se, for early termination of his supervised release term pursuant to 18 U.S.C. § 3583(e)(1) and Federal Rule of Criminal Procedure 32.1(c).  (Docket Entry No. 13.)  On June 24, 2006, after pleading guilty to violating 21 U.S.C. § 846 by conspiring to possess with intent to distribute crack cocaine and phencyclidine, Mr. Hines was sentenced principally to 144 months of imprisonment, to be followed by a 120-month supervised release term.  (Docket Entry No. 2.)  Mr. Hines's supervised release commenced on October 23, 2014, and, to date, Mr. Hines has served 58 months (nearly one-half) of his supervised release term.  Both the Government and the Probation Department oppose Mr. Hine's motion.  (Docket Entry No. 19.[1])  The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Hines's motion is denied.

Section 3583 provides that the Court may, after considering the factors set forth in Section 3553(a) of Title 18 of the United States Code, "terminate a term of supervised release . . . after the expiration of one year of supervised release . . . if it is satisfied that such action is

---

[1]     The Probation Department's August 12, 2019, response was served on Mr. Hines and has been filed under seal.

warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C.S. § 3583(e)(1) (LexisNexis 2008). "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." U.S. v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). However, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." U.S. v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (internal quotation marks omitted).

Mr. Hines has moved for early termination of his supervised release term on the grounds that he has "completed 55 months of supervision without violation or flaw," and has demonstrated good behavior during that time. (See Docket Entry No. 13.) Aside from two arrests, both in June 2015, Mr. Hines's supervised release period has indeed been without incident.[2] Mr. Hines is, however, a career offender who committed the underlying offense while serving two terms of probation for drug-related offenses. While the Court commends Mr. Hines for his substantial compliance with the terms of his supervised release, and for making positive contributions to his community, the Court finds that Mr. Hines has not identified extraordinary conduct or unforeseen harsh circumstances that warrant early termination of his supervised release. The conditions of Mr. Hines's supervision demand little from him: he is required to report to the Probation Department in person just twice each year, and he may submit his monthly supervision reports online. Further, even if Mr. Hines's post-incarceration conduct was

---

[2] Defendant's June 27, 2015, arrest prompted the Probation Department to request modification of Defendant's supervised release conditions to include a specific outpatient substance abuse treatment program. (See Docket Entry Nos. 8 and 11.)

entirely "unblemished," which it is not, "this alone cannot be sufficient reason to terminate the supervised release."  U.S. v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).  After all, "full compliance with the terms of supervised release is what is expected of him and all others serving terms of imprisonment and supervised release and does not warrant early termination."  U.S. v. Rasco, No. 88 Crim. 817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000).

        The Court concludes that, in consideration of the factors set forth in both the Judicial Conference Criminal Law Committee's May 12, 2009, memorandum and in 18 U.S.C. § 3553(a), and in consideration of Mr. Hines's prior criminal history, which includes both serious and recent drug- and alcohol-related offenses, concern for protection of the public and further promotion of respect for the law make early termination of Mr. Hines's supervised release term inappropriate at this time.  Therefore, Mr. Hines's motion for early termination is denied without prejudice to renewal in two years.  Because Mr. Hines has waived a hearing on his motion, and because the Court is not modifying the terms of Mr. Hines's supervised release, the Court is not required to hold a hearing.  Fed. R. Crim. P. 32.1(c)(2)(A); see also 18 U.S.C. § 3583(e)(1) (supervised release may be terminated "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation"); Karacsonyi v. U.S., 152

F.3d 918 (2d Cir. 1998) (finding that, because defendant's "term of supervised release was not modified," Rule 32.1 "did not call for a hearing").

Docket Entry No. 13 is resolved.

SO ORDERED.

Dated: New York, New York
       September 5, 2019

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**Copy mailed to:**
Quincy Hines
140 Benchley Place
Apartment 25A
Bronx, NY 10475